# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LIFE INSURANCE COMPANY,<br><br>                                   Plaintiff,<br><br>v.<br><br>ERIC S. KORSH, M.D.,<br><br>                                   Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 24-cv-1263-MMA-VET<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**<br><br>[Doc. No. 7] |

On December 16, 2024, Plaintiff National Life Insurance Company ("Plaintiff") filed a motion to dismiss Defendant Dr. Eric Korsh's ("Defendant") counterclaim. Doc. No. 7. Defendant filed a response in opposition, to which Plaintiff replied. Doc. Nos. 9–10. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1, the Court took this matter under submission on January 17, 2025. Doc. No. 11. For the reasons herein, the Court **GRANTS** Plaintiff's motion and **DISMISSES** Defendant's counterclaim.

# I. Background[1]

Defendant's counterclaim arises from an individual disability insurance policy ("Policy") issued to him by Defendant. Doc. No. 5 at 7–14[2] ("Counterclaim") ¶ 6. The Policy "insur[es] him against loss of income in the event of disability restricting him from performing the substantial and material duties of a spinal surgeon . . . ." *Id.* Specifically:

> The Policy provides disability benefits are payable for the lifetime of the insured in the event the insured's disability arises from injury, and for so long as restrictions and limitations caused by injury preclude the insured from performing the substantial and material duties of a spinal surgeon; and further provides that in the event of disability arising from sickness, payment of benefits to the insured is limited to age of 65, or 24 months, whichever is longer. Benefits are subject to a 90-day elimination period.

*Id.* ¶ 7.

"[Defendant's] last day of work as a spinal surgeon was April 26, 2022." *Id.* ¶ 9. On July 6 of that same year he "filed a claim under the Policy due to disability resulting from . . . injury to his wrist, hand, lower back, foot and leg caused by accident which precluded him from performing the substantial and material duties of a spinal surgeon." *Id.* ¶ 8. On October 28, 2022, Plaintiff approved his claim and began payment pursuant to the Policy. *Id.* ¶ 10. Defendant still has a disability, caused by injury, which "restricts him from performing the substantial and material duties of a spinal surgeon to an extent which prevents him from engaging in the occupation of spinal surgeon . . . ." *Id.* ¶ 20.

Despite this, Plaintiff now asserts that "the maximum benefit period under the Policy expired on July 26, 2024." *Id* ¶ 17. Plaintiff bases this on a conclusion that Defendant's "disabling condition(s) precluding him from performing the substantial and material duties of a spinal surgeon are . . . the result of sickness and/or . . . not supported

---

[1] Because this matter is before the Court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true the allegations set forth in the counterclaim and draw all inferences in the light most favorable to the nonmovant. *See Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009).

[2] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

1  by his medical records" rather than the result of injury.  Counterclaim ¶ 11.  Accordingly,
2  Plaintiff filed an action for declaratory judgment in this Court as to the etiology of
3  Defendant's disability.  *See id.* ¶ 18.  In deciding to proceed as described, Plaintiff "failed
4  to have [Defendant] undergo an independent medical examination by a specialist
5  appropriate for the disabling condition." *Id.* ¶ 13.  Instead, it utilized a paper-review of
6  Defendant's medical record and treatment notes from his own physicians.  *Id.* ¶ 14.
7  Plaintiff's medical reviewers never personally examined Defendant, who contends that
8  their conclusion as to his injury is contrary to his own physicians'.  *Id.* ¶¶ 15–16.  The
9  Policy, however, "provides, as part of [Plaintiff's] ongoing claim review process, [that]
10 the insured shall undergo a medical examination by a specialist appropriate for the
11 disabling condition who may be selected and will be paid for by [Plaintiff]." *Id.* ¶ 12.

12    Due to Plaintiff's course of action, Defendant alleges that he "has suffered
13 aggravation and mental and emotional distress, and has been further harmed by, among
14 other things, the incurrence of attorneys' fees." *Id.* ¶ 21.  Defendant brings one cause of
15 action in his counterclaims: Breach of Contract; Breach of the Covenant of Good Faith
16 and Fair Dealing.  *Id.* ¶¶ 22–36.

## II. LEGAL STANDARD

A Rule 12(b)(6)[3] motion to dismiss tests the pleadings' sufficiency.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations, brackets, and citations omitted).

Reviewing a Rule 12(b)(6) motion to dismiss, the court must assume the truth of all factual allegations and construe them in the light most favorable to the nonmoving

---

[3] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998). Generally, a court may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998).

The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted when dismissing a claim. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### III. DISCUSSION

Plaintiff seeks to dismiss Defendant's counterclaim on the grounds that: "(1) there has been no breach of the Policy[;] and (2) [Defendant] has not sustained any contractual damages as a result of any action undertaken by [Plaintiff]." Doc. No. 7-1 at 5. Plaintiff also alleges that California Civil Code § 47(b) bars Defendant's counterclaim. *Id.* at 7. The parties appear to agree, through citation in their arguments, that California law applies for purposes of this motion. *See generally* Doc. Nos. 7-1, 9. With no indication to the contrary, the Court will thus apply California law to resolve it.

"It has long been settled that an implied covenant of good faith and fair dealing exists in every insurance contract that neither party will do anything to injure the right of the other to receive benefits under the agreement." *Schwartz v. State Farm Fire & Cas. Co.*, 106 Cal. Rptr. 2d 523, 528 (Cal. Ct. App. 2001), *as modified on denial of reh'g* (Jun. 5, 2001). In California, breach of a specific contract provision is not strictly necessary

for breach of the implied covenant of good faith and fair dealing. *Brehm v. 21st Century Ins. Co.*, 83 Cal. Rptr. 3d 410, 416–18 (Cal Ct. App. 2008), *as modified* (Oct. 6, 2008).

In the insurance context, to demonstrate a breach of the implied covenant "there are at least two separate requirements . . . : (1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause." *Love v. Fire Ins. Exch.*, 271 Cal. Rptr. 246, 255 (Cal. Ct. App. 1990); *Schwartz*, 106 Cal. Rptr. 2d at 531–32; *see, e.g.*, *Albers v. Paul Revere Ins. Grp.*, No. 22-15100, 2023 WL 3862514 *1 (9th Cir. Jun. 7, 2023) (disability insurance). "As a result, where no benefits are withheld or delayed, there is no cause of action for the breach of the covenant of good faith and fair dealing." *Progressive W. Ins. Co. v. Super. Ct.*, 37 Cal. Rptr. 3d 434, 447 (Cal. Ct. App. 2005).

Here, Defendant's claim must fail because he does not allege that any payments due under the Policy have been withheld. Though he alleges that Plaintiff asserts "the maximum benefit period under the Policy expired on July 26, 2024," Counterclaim ¶ 17, and that, due to this decision and the resulting lawsuit he "has suffered aggravation and mental and emotional distress, and has been further harmed by, among other things, the incurrence of attorneys' fees," Counterclaim ¶ 21, he at no point argues that Plaintiff has failed to make payments pursuant to the Policy. Though he points to case law discussing an insurer's obligation to properly investigate a claim, it does support the proposition that he can prevail without pleading that benefits due were withheld. *Cf. Egan v. Mut. of Omaha Ins. Co.*, 620 P.2d 141, 147 (Cal. 1979) ("Plaintiff received his first payment . . . on the claim in issue herein only after a long delay . . . .") (internal quotation marks omitted). Thus, Defendant does not sufficiently state a cause of action for breach of the implied covenant. *See, e.g.*, *Boynton v. Reliance Standard Life Ins. Co.*, No. 14-CV-486-L(JMA), 2015 WL 11570935 *4–5 (S.D. Cal. Jan. 29, 2015).

Indeed, in his opposition, Defendant concedes that Plaintiff "has previously represented to him that it intends to pay him Policy benefits during the pendency of this litigation under a reservation of rights and that it also does not intend to recoup any such

1  payments made to him, unless it notifies him to the contrary." Doc. No. 9 at 4.
2  Defendant contends that "there is no guarantee that [Plaintiff] will honor either of those
3  representations; nor is there any guarantee [it] will not exercise its ability to notify
4  [Defendant] . . . that it will discontinue those payments or seek recoupment." *Id*. at 4–5.
5  These suspicions of untrustworthiness or a possible future reneging, however—especially
6  without facts pleaded to substantiate them—are insufficient.

7        Assessing the claim under traditional breach of contract, insofar as that is the
8  umbrella for the implied covenant, Defendant similarly falls short. To proceed on a
9  breach of contract claim, one "must plead . . : (1) a contract, (2) plaintiff's performance or
10  excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff." *Walsh*
11  *v. W. Valley Mission Cmty. Coll. Dist.*, 78 Cal. Rptr. 2d 725, 733 (Cal. Ct. App. 1998).
12  The Court will discuss the third and fourth elements, as they form the heart of the parties'
13  disagreement. As discussed, Defendant does not deny that Plaintiff continues to pay out
14  benefits under the Policy but claims instead that Plaintiff asserts that "the maximum
15  benefit period under the Policy expired on July 26, 2024." *Id.* ¶ 17. This is insufficient
16  to plead a breach of contract, as Plaintiff continues to perform its duty under the policy.
17  *See Boynton*, 2015 WL 11570935 at *3. Though it believes it is no longer obligated to,
18  and informed Defendant of that position, Plaintiff continues to pay the amounts the
19  Policy requires. Indeed, the closest that Defendant comes to pleading nonperformance is
20  the allegation that now Plaintiff seeks a declaratory judgment that may eventually excuse
21  its obligation to perform.

22        This, however, is insufficient to amount even to anticipatory repudiation. "An
23  anticipatory breach of contract occurs on the part of one of the parties to the instrument
24  when he positively repudiates the contract by acts or statements indicating that he will not
25  or cannot substantially perform essential terms thereof . . ." *Boynton* 2015 WL 11570935
26  at *3 (citing *Crane v. E. Side Canal & Irr. Co.*, 44 P.2d 455, 458 (Cal. Ct. App. 1935)).
27  Defendant alleges that Plaintiff has informed him that it no longer believes itself
28  obligated to pay, and has instituted an action to that effect, but does not argue that Policy

payments have ceased. Doc. No. 9 at 4–5. As with above, his argument amounts to suspicion that Plaintiff may stop paying at some point in the future while the action is pending. *Id.* These suspicions are not pleaded, and regardless are not a sufficiently definite refusal to perform to constitute a repudiation. *See Boynton*, 2015 WL 11570935 at *3

Finally, even if Defendant sufficiently alleges breach, he has not demonstrated damages, the fourth element. "To be actionable, harm must constitute something more than nominal damages, speculative harm, or the threat of future harm—not yet realized. It is legally impossible to breach a contract by refusing to pay benefits which have not yet accrued under the terms of the policy." *Id.* (internal citations and quotation marks omitted). As discussed, Defendant does not allege that Plaintiff has refused to make payments. Instead, Defendant relies on allegations that he "has suffered aggravation and mental and emotional distress, and has been further harmed by, among other things, the incurrence of attorneys' fees." *Id.* ¶ 21. Under California law, "[i]n life or disability insurance, the only measure of liability and damage is the sum or sums payable in the manner and at the times as provided in the policy to the person entitled thereto." Cal. Ins. Code § 10111; *see also Boynton*, 2015 WL 11570935 at *3. As to attorneys' fees, "California follows the 'American Rule,' in which each side is responsible to pay their own attorneys' fees, unless the contract specifically allows for fee shifting." *Boynton* 2015 WL 11570935 at *3. Defendant does not identify any fee shifting provision in the Policy. Thus, his claim that he has incurred attorneys' fees do not establish damages. *Id.*

Additionally, damages for emotional distress are inapplicable to a breach of contract claim, especially when Insurance Code § 10111 applies; the action must instead be one under tort to warrant that recovery. *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 461 (Cal. 1994) ("[D]amages for mental suffering and emotional distress are generally not compensable in contract actions. Similarly, punitive or exemplary damages . . . are available only in actions 'for breach of an obligation *not arising from contract.*'") (internal citations omitted, emphasis original); *Crisci v. Sec. Ins*.

*Co. of New Haven, Conn.*, 426 P.2d 173 178–79 (Cal. 1967); *Bamberger v. Marsh USA, Inc.*, 699 F. App'x 649, 650 (9th Cir. 2017); *Fletcher v. W. Nat'l Life Ins. Co.*, 89 Cal. Rptr. 78, 92–93 (Cal. Ct. App. 1970). His claim for breach of the implied covenant failing,[4] so too must his allegations that he has suffered these damages. Therefore, he does not sufficiently state a claim for breach of the implied covenant of good faith and breach of contract.[5]

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to dismiss and **DISMISSES** Defendant's counterclaim **without prejudice and with leave to amend**. Any amended counterclaim will be the operative pleading and must be filed on or before **March 5, 2025**. Plaintiff must respond within the time prescribed by Federal Rule of Civil Procedure 15. Any claim not re-alleged and any party not named in the amended counterclaim will be considered waived. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that after dismissal with leave to amend, claims may be "considered waived if not repled"). The amended counterclaim must be accompanied by a version of that pleading that shows—through redlining or similar method—how that pleading differs from the previously dismissed pleading. *See* CivLR 15.1.c.

**IT IS SO ORDERED**.

Dated: February 12, 2025

HON. MICHAEL M. ANELLO
United States District Judge

---

[4] As Plaintiff notes in its motion, "a breach of the 'implied covenant' of good faith and fair dealing is the same thing as the tort of bad faith." Doc. No. 7-1 at 4 n.1 (citing *20th Century Ins. Co. v. Super. Ct.*, 109 Cal. Rptr. 2d 611, 637 (Cal. Ct. App. 2001)).

[5] As Defendant does not state a claim for relief, the Court need not determine whether it is barred by California Civil Code section 47(b).